UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 21-38-DLB

JUAN SANCHEZ                                                                                         PETITIONER

v.                              **MEMORANDUM OPINION AND ORDER**

DAVID LEMASTER, WARDEN                                                              RESPONDENT

*** *** *** ***

Juan Sanchez is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Sanchez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). Sanchez claims that his 2012 federal conviction for being a felon in possession of a firearm is no longer valid because of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Ultimately, Sanchez has failed to demonstrate that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. Thus, the Court will deny Sanchez's petition.

In July 2012, a jury found Sanchez guilty of one count of being a felon in possession of a firearm for conduct that occurred less than two years earlier, in August 2010. *See United States v. Juan Sanchez*, No. 2:10-cr-00764-CMR-1 (E.D. Penn. 2012). During Sanchez's trial, he stipulated that, prior to the alleged offense date, he had been convicted of a felony in Pennsylvania state court. *See id.* at Doc. # 42 (stipulation of prior

1

felony conviction signed by the parties, including the defendant and his attorney). Following Sanchez's conviction, the trial court sentenced him to 235 months in prison. *See id.* at Doc. # 68.  The United States Court of Appeals for the Third Circuit affirmed the distect court's judgment.  *See id.* at Doc. # 78.  Sanchez later moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the trial court denied his request for relief. *See id.* at Docs. # 79 and 85.

Sanchez now pursues relief via § 2241.  Sanchez claims that his conviction for being a felon in possession of a firearm is no longer valid because of the Supreme Court's decision in *Rehaif*, 139 S. Ct. at 2191.  Thus, Sanchez asks this Court to vacate his conviction.

Sanchez's petition, however, constitutes an impermissible collateral attack on his conviction.  Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition).  That is because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, as a general matter, Sanchez cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition.  However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence by demonstrating:

2

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Sanchez has not met all of these requirements. Even assuming, without deciding, that the first three *Wooten* elements are satisfied in this case, Sanchez still has not demonstrated that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. In *Rehaif*, the Supreme Court held that the Government must prove that the defendant possessed a firearm while being aware of his relevant status—meaning that he knew that he was a felon, an alien unlawfully in this country, or the like. *See Rehaif*, 139 S. Ct. at 2194; *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (interpreting the Supreme Court's holding in this manner).

Here, Sanchez has provided no basis to conclude that a reasonable juror would infer that he was somehow unaware that he was a felon at the time he possessed the firearm in question. In fact, Sanchez does not discuss the substance of his trial in any detail in his present petition. (Doc. # 1 at 4-5). Plus, if anything, Sanchez's stipulation at trial that he had a prior felony conviction undercuts the implication that he somehow did not know he was a felon when he possessed the firearm. Indeed, the Sixth Circuit has repeatedly indicated that such a "stipulation supports an inference that [the petitioner] had the 'requisite knowledge of his status for a § 922(g)(1) violation.'" *Hunter v. Quintana*, No. 20-5084, 2020 LEXIS 32176, at *8 (6th Cir. Oct. 9, 2020) (quoting *United States v. Raymore*, 965 F.3d 475, 485 (6th Cir. 2020); *see also United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically

3

establish knowledge of felony status, it is strongly suggestive of it." (quoting *United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020))). In short, Sanchez has not shown that *Rehaif* renders him actually innocent of his § 922(g) conviction.

Accordingly, it is **ORDERED** as follows:

1. Sanchez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

2. This action is **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This 9th day of April, 2021.



Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\ORDERS\PSO Orders\0-21-38 Sanchez Dismissing 2241 Petition.docx

4